Filed 3/27/26  P. v. Hernandez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F089634 |
| Plaintiff and Respondent, | (Super. Ct. No. BF154420A) |
| v. | |
| PEDRO TORRES HERNANDEZ, | **OPINION** |
| Defendant and Appellant. | |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Thomas S. Clark, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Ivan P. Marrs and Eric L. Christoffersen, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P. J., DeSantos, J. and Harrell, J.

## INTRODUCTION

Appellant Pedro Torres Hernandez was resentenced under Penal Code section 1172.75,[1] which resulted in a sentence that was lengthier than the original. Appellant appeals claiming his sentence is unauthorized and violates section 1172.75, subdivision (d)(1), prohibiting courts from imposing a longer sentence than the one originally imposed. Appellant also claims the court erred when it reimposed upper terms on two counts based on factors not found true by a jury or stipulated to by appellant. The People concede appellant's sentence is unauthorized but contend appellant's second claim is moot. We agree with the People on both points.

We vacate the sentence and remand the matter for the trial court to resentence appellant under section 1172.75, directing the court to comply with subdivision (d). In all other respects, we affirm the judgment.

## PROCEDURAL SUMMARY

In 2015, appellant was convicted by court trial of assault on a peace officer by means of force likely to cause great bodily injury (§ 245, subd. (c), counts 1 & 2); resisting an executive officer with force (§ 69, count 3); assault with a deadly weapon (§ 245, subd. (a)(1), count 4); and domestic violence (§ 273.5, subd. (a), count 5). The court found several allegations to be true, including a great bodily injury enhancement (§ 12022.7, subd. (a)) and two prior prison terms under section 667.5, subdivision (b) and prior strike allegations (§ 667, subd. (e)).

The trial court sentenced appellant to a term of 25 years to life on count 2 (§ 245, subd. (c)), plus three years for the infliction of great bodily injury enhancement (§ 12022.7, subd. (a)), and two years for two prior prison terms (§ 667.5, subd. (b)). The court imposed the following terms concurrent to count 2: on counts 1 and 4, 25 years to life plus two years for the two prior prison terms (§ 667.5, subd. (b)); and on

---

[1]    Hereinafter, undesignated statutory references are to the Penal Code.

count 3, the upper term of six years plus two years for two prior prison terms (§ 667, subd. (b)).  The court imposed and stayed, under section 654, a term of 25 years to life on count 5, plus two years for two prior prison terms (§ 667.5, subd. (b)).

In 2018, following an appeal, the trial court resentenced appellant, imposing the same terms as before, except the court imposed a determinate upper term on count 5, which was stayed under section 654.  In addition, the court stayed the prior prison term enhancements on all counts except count 2.

In April 2025, pursuant to section 1172.75, the court recalled appellant's sentence and dismissed the prior prison term enhancements under section 667.5, subdivision (b).  The court resentenced appellant to three consecutive 25 years to life terms on counts 1, 2, and 4, plus three years on count 2 for the great bodily injury enhancement (§ 12022.7, subd. (a)) and a consecutive upper term of six years on count 3.  The court imposed and stayed a concurrent upper term of eight years on count 5.  Appellant filed a timely notice of appeal.

## DISCUSSION

### I. The Trial Court Erred When It Imposed a Longer Sentence Than the One Originally Imposed in Violation of Section 1172.75, Subdivision (d)(1).

The People agree with appellant that the trial court erred when it imposed a sentence at his section 1172.75 resentencing hearing that was longer than his original sentence.  Here, it was determined that appellant's judgment included no longer valid enhancements under section 667.5, subdivision (b).  As such, the court recalled appellant's sentence and dismissed the invalid prior prison term enhancements and resentenced him.

Section 1172.75 makes it clear that "[r]esentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this

3.

section shall not result in a longer sentence than the one originally imposed." (§ 1172.75, subd. (d)(1).) Here, appellant was originally sentenced to an aggregate term of 25 years to life plus five years. At resentencing, the trial court significantly increased appellant's sentence when it imposed three consecutive 25-year-to-life terms, rather than concurrent terms as were previously imposed, plus three years for the great bodily injury enhancement on count 2 and a consecutive, rather than a concurrent, upper term of six years on count 3. Defendant was resentenced to an aggregate term of 75 years to life plus nine years.

We conclude that appellant's sentence is unauthorized since it directly violates section 1172.75, subdivision (d)(1)'s proscription against imposing a longer sentence at resentencing.[2] An unauthorized sentence is one that " 'could not lawfully be imposed under any circumstance in the particular case.' " (*In re G.C.* (2020) 8 Cal.5th 1119, 1130.) "It is well established that when the trial court pronounces a sentence which is unauthorized … that sentence must be vacated and a proper sentence imposed" when the mistake is brought to the attention of the reviewing court. (*People v. Benton* (1979) 100 Cal.App.3d 92, 102.) Therefore, because defendant's sentence is unauthorized, we vacate defendant's sentence and remand the matter to the trial court for resentencing in compliance with section 1172.75, subdivision (d).

## II. Appellant's Claim That the Trial Court Erred by Reimposing the Upper Term on Counts 3 and 5 Is Moot.

Appellant contends the trial court erred when it imposed an upper term sentence on counts 3 and 5 because it relied on aggravating factors not found true by a jury or

---

[2]     Although defense counsel did not object to the trial court's imposition of a longer sentence below, the failure to object does not forfeit this claim. An unauthorized sentence is not subject to forfeiture and may be corrected at any time. (See *People v. Scott* (1994) 9 Cal.4th 331, 354.)

admitted by appellant. The People contend that since appellant's sentence is vacated and remanded to the trial court, this matter is moot. We agree that this claim is now moot.

" 'A case is moot when the reviewing court cannot provide the parties with practical, effectual relief.' " (*In re Oliveras* (2024) 103 Cal.App.5th 771, 776.) The policy behind the mootness doctrine is that "courts decide justiciable controversies and do not normally render merely advisory opinions." (*Ibid*.) This court has concluded that appellant's sentence must be vacated and the matter remanded to the trial court for resentencing. As such, appellant's claim challenging the upper term sentence is no longer a justiciable controversy. Therefore, appellant's claim challenging the court's reimposition of the upper term in counts 3 and 5 is moot. Appellant may raise arguments related to this claim before the trial court at his resentencing hearing.

## DISPOSITION

We vacate the sentence and remand the matter to the trial court directing it to conduct a full resentencing under section 1172.75, complying with subdivision (d). In all other respects, the judgment is affirmed.